# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
4/5/2022 3:57 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  DAVID A. TANNER, Esq.
   Nevada Bar No. 8282
3  REZA R. AYAZI, Esq.
   Nevada Bar No. 15495
4  **TANNER LAW FIRM**
5  7895 W. Sunset Road, Suite 115
   Las Vegas, NV 89113
6  Telephone (702) 987-8888
   Facsimile (702) 410-8070
7  david@tannerlawfirm.com
8  reza@tannerlawfirm.com
   *Attorneys for Plaintiff*
9

CASE NO: A-22-850753-C
Department 28

10                     **DISTRICT COURT**

11                 **CLARK COUNTY, NEVADA**

12

13  QUINTNEY MARTIN, an individual,          )   CASE NO.
                                             )
14                  Plaintiff,               )   DEPT. NO.
                                             )
15                                           )
        vs.                                  )   **COMPLAINT**
16                                           )
17  SMITH'S FOOD & DRUG CENTERS, INC.        )
    d/b/a SMITH'S FOOD AND DRUG, a foreign   )
18  corporation; DOES I through X; and ROE   )
    ENTITIES I through X,                    )
19                                           )
20              Defendants.                  )
                                             )

21                     **COMPLAINT**

22      COMES NOW, Plaintiff, QUINTNEY MARTIN, by and through her attorneys, David A.

23  Tanner, Esq. and Reza R. Ayazi, Esq. of the Tanner Law Firm, and complains and alleges against

24  Defendants, and each of them, as follows:

25  ...

26  ...

27  ...

28  ...

1

**THE PARTIES**

1.  This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendant, or any one of them resided in Clark County, Nevada at the commencement of this action.

2.  At all times relevant hereto, Plaintiff, QUINTNEY MARTIN ("Martin" or "Plaintiff"), is and was a resident of Clark County, Nevada.

3.  At all times relevant hereto, Defendant, SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, is and was a foreign corporation and was licensed to and was conducting business in Clark County, Nevada.

4.  Plaintiff believes that SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITHS'S FOOD AND DRUG owned, operated, maintained, and managed Smith's Food and Drug ("Smith's"), a store located in Clark County, Nevada.

5.  Smith's is located at 5564 Camino Al Norte, North Las Vegas, NV 89031.

6.  The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X and Roe Corporations I through X are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Does and Roe Entities are responsible in some manner for the events and happenings referred to as alleged herein, whether by actually or have responsibility for creating the hazard, failing to warn of the hazard, owning, managing, maintaining, inspecting, cleaning, supervising, or controlling the premises, or in some other manner as set forth herein. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of Does I through X and Roe Entities I through X when the same have been ascertained and to join such Defendants in this action.

7.  DOES I through X are persons whose conduct gives rise to this Complaint; specifically, these DOE Defendants are individuals who participated in the conduct alleged herein, whether by the design, manufacture, marketing, distributing, installation, or otherwise created, sold, or distributed the product or failed to warn about its damages or limitations that

2

reasonably contributed to the cause of the subject failure and injuries of Plaintiff, but their identities are unknown as this time; Plaintiff reserves the right to amend this Complaint to specifically name these individuals when their identities are ascertained.

8.      ROE CORPORATIONS I through X are business entities whose conduct gives rise to the allegations of the Complaint contained herein; specifically, these business entities participated in the conduct alleged herein, whether by the design, manufacture, marketing, distributing, installation, or otherwise created, sold, or distributed the product, or failed to warn about its damages or limitations that reasonably contributed to the cause of the subject failure and injuries of Plaintiff, but their identities are unknown as this time; Plaintiff reserves the right to amend this Complaint to specifically name these individuals when their identities are ascertained.

9.      At all pertinent times herein, Defendants were agents, servants, partners, employees and/or employers or joint venturers of every other Defendant herein and, at all times mentioned herein, were acting within the course and scope of said agency, employment, or joint venture, with knowledge permission and consent of all other named Defendants.

## GENERAL ALLEGATIONS

10.      On or about March 8, 2021 Plaintiff was at Smith's, located at 5564 Camino Al Norte, North Las Vegas, NV 89031.

11.      Plaintiff was legally on the premises at Smith's at the time of this incident.

12.      At all times relevant herein, the Defendants were the owners, managers, maintainers, inspectors, supervisors, or controllers of the premises where Plaintiff was located.

13.      Plaintiff believes that at all times relevant herein, the Defendants and each of them were the employees or agents of the other Defendants and were acting in the course and scope of their employment or agency.

14.      While walking through the entrance door and entering into Smith's, the doors suddenly closed onto our client, hitting Plaintiff and thus causing injuries to Plaintiff.

15.      Plaintiff believes that Defendants have a policy that the entrance doors of Smith's must be routinely inspected, maintained, and cleaned so they are kept safe and in good repair or warnings used to ensure patrons, such as Plaintiff, are not harmed.

3

16.     Plaintiff believes that the Defendants understand that a broken and/or damaged door is a hazardous condition and can lead to a patron being injured.

17.     Defendants designed, tested, manufactured and assembled the subject doors.

18.     The subject doors are available to patrons to use at Smith's.

19.     Defendants' personnel did not use warnings to alert patrons, such as Plaintiff, of the hazardous condition.

20.     Plaintiff believes that certain Doe and Roe entity defendants understand that a defective door is a hazardous condition and can lead to a patron being injured, and that the Doe and Roe entities were responsible for manufacturing, designing, and assembling the subject doors.

21.     Plaintiff believes that Defendant Doe and Roe entities did not use warnings or proper labels to alert patrons, such as Plaintiff, of the broken doors.

22.     On or about March 8, 2021, Defendants, and each of them, while in the course and scope of their employment and agency with other Defendants, negligently failed to maintain, manage, inspect, clean, supervise, control, and repair the premises; failed to properly manufacture, design, or inspect the subject doors; and further failed to warn Plaintiff of hazards which resulted in Plaintiff's injuries.

## FIRST CAUSE OF ACTION
### (Negligence)

23.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 above as if fully set forth herein.

24.     Defendants had a duty to maintain, manage, inspect, clean, supervise, control, and repair the premises and associated equipment to ensure that no hazards existed that could harm a patron. Defendants had a duty to warn of hazards such as broke doors.

25.     Defendants breached these duties, which breached proximately cause harm to Plaintiff.

26.     As a result of Defendants' conduct, Plaintiff has suffered damages, and Plaintiff is entitled to damages in excess of $15,000.00.

4

27.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligence / Res Ipsa Loquitur)

28.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

29.     Plaintiff belies that a door does hit a patron, and that such an event does not ordinarily occur in the absence of negligence.

30.     The door struck the plaintiff and, plaintiff belies that the door was broken or not functioning correctly.

31.     The plaintiff did not take an y action to cause or contrucbut to being hit by the doors.

32.     Plaintiff believes that eht Defendant would be ina beter position toe xplain the doors hitting him.

33.     Plaintiff believes that eth doors and their innter workings were in the exclusive control fo the Defendant.

34.     Defendants breached these duties, which breached proximately cause harm to Plaintiff.

35.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of $15,000.00.

36.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs

## THIRD CAUSE OF ACTION
### (Product Liability against Smith's and Doe and Roe Defendants)

37.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 36 above as if fully set forth herein.

5

38.     Defendants owed a duty of due care to Plaintiff, and others similarly situated, in the design, testing, manufacture, assembly, and sale of the subject doors.

39.     Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

40.     The negligent and improper design, testing, manufacture, assembly, and inspection of the subject doors and its component parts.

41.     The failure to provide adequate, accurate, and effective warnings and instructions to owners, operators, and users of the subject doors.

42.     As a direct result of unreasonably dangerous defects in the subject doors and the breach of the duty owed by Defendants, Plaintiff suffered injuries.

43.     Upon information and belief, at the time of the aforesaid accident, the subject doors and its component parts were in the same condition as when they left the control of Defendants who manufactured them and were being used without any substantial change or alteration in their condition.

44.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of $15,000.00.

45.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Strict Product Liability)

46.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47.     The subject doors and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold, and distributed by Defendants were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered

6

1   them unsafe for the use for which they were intended in light of their nature and intended function
2   or for reasonably foreseeable uses.

3   48.     The subject doors and its component parts failed to perform as expected and were
4   more dangerous than reasonably expected by an ordinary consumer.

5   49.     The defects existed in the subject doors and its component parts at the time they
6   left the control of Defendants and continued in the defective condition until the subject incident.

7   50.     That Defendants designed, tested, manufactured, inspected, constructed,
8   maintained, the subject doors and further failed to warn of the defective condition of the subject
9   doors and its component parts.

10   51.     That Defendants are strictly liable for the unreasonably dangerous and defective
11   condition of the subject doors.

12   52.     That Defendants breached their express and implied warranties with respect to the
13   subject doors and its component parts.

14   53.     As a direct and proximate result of the defects in the subject doors and its
15   component parts as set forth described herein, Plaintiff has sustained damages in excess of
16   $15,000.00.

17   54.     As a result of defects in the subject doors and its component parts, as set forth
18   herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and
19   foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable
20   attorneys' fees and costs.

21
### FIFTH CAUSE OF ACTION
**(Negligent Failure to Inspect and Warn)**
22

23   55.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through
24   54 above as if fully set forth herein.

25   56.     Defendants inspected the subject doors before March 8, 2020 and knew or should
26   have known that it and its component parts were defective in design and/or manufacture and failed
27   to warn the Plaintiff of the dangerous condition, to Plaintiff's detriment and damages as heretofore
28   alleged.

7

57.     That the failure to inspect and warn was a proximate cause of the injuries and damages heretofore alleged and was, further, a willful and conscious disregard of known safety procedures.

58.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of $15,000.00.

59.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Breach of Warranty)

60.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 59 above as if fully set forth herein.

61.     Through the design, testing, manufacture, assembly, marketing and sale of the subject doors, implied warranties of merchantability and fitness for use arose by operation of the Nevada common law.

62.     The subject doors and its component parts were neither merchantable nor fit for their intended use; and, on the contrary, were defective and unreasonably dangerous due to the breach by Defendants of the implied warranties of merchantability and fitness for use for the reasons described above.

63.     The aforesaid breaches of implied warranty were causes in fact and proximate causes of the damages sustained by Plaintiff.

64.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of $15,000.00.

65.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

8

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

    1.     General damages in an amount in excess of $15,000.00;

    2.     Special damages in an amount in excess of $15,000.00;

    3.     Costs of suit and attorneys' fees;

    4.     For judgment for interest; and

    5.     For such other and further relief as this Court deems just and proper.

Dated this ___ date of April, 2022

By: _____

David A. Tanner, Esq.
Nevada Bar No. 8282
Reza R. Ayazi, Esq.
Nevada Bar No. 15495
**TANNER LAW FIRM**
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
reza@tannerlawfirm.com
*Attorneys for Plaintiff*

9

Electronically Filed
4/18/2022 12:17 PM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**

CASE NO: A-22-850753-C
Department 28

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| QUINTNEY MARTIN, an individual, | CASE NO. |
| Plaintiff, | DEPT. NO. |
| vs. | **SUMMONS** |
| SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, a foreign corporation; DOES I through X; and ROE ENTITIES I through X, | |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

1

1        2.  Unless you respond, your default will be entered upon application of the plaintiff and

2    this Court may enter a judgment against you for the relief demanded in the Complaint, which

3    could result in the taking of money or property or other relief requested in the Complaint.

4        3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly

5    so that your response may be filed on time.

6

7    **Issued at the direction of:**                    **STEVEN D. GRIERSON, CLERK OF COURT**

8

9                                                                    4/6/2022

10   _____            By: _____

11   DAVID A. TANNER, ESQ.                         Deputy Clerk    Mary Anderson   Date
     Nevada Bar No. 8282                               County Courthouse
12   **TANNER LAW FIRM**                            200 Lewis Avenue
     7895 W. Sunset Road, Suite 115              Las Vegas, Nevada 89155
13   Las Vegas, NV  89113
     david@tannerlawfirm.com
14   Phone (702) 987-8888
15   Facsimile (702) 410-8070

16

17

18

19

20

21

22

23

24

25

26

27

28

2

STATE OF NEVADA )
                )        ss.              AFFIDAVIT OF SERVICE
COUNTY OF CLARK )

_____**Jennifer Nicole Hernandez**___, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received __1__ copy(ies) of the Summons and Complaint on the 7th day of **April, 2022** and served the same on the **14th day of April, 2022** by:

(Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the defendant _____ at
_____

2. Serve the defendant _____ by personally delivering and leaving a copy with _____, as person of suitable age and discretion residing at the defendant's usual place of abode located at _____.
(Confirmed with _____ Defendant lives at stated address.)

(Use paragraph 3 for serve upon agent, completing A or B)

3. Serving the defendant **Smith's Food & Drug Centers, Inc. d/b/a Smith's Food and Drug, a foreign corporation** by personally delivering and leaving a copy at **112 N. Curry St., Carson City, NV 89703 @ 9:24 A.M.**

    a. With _____ as _____. an agent lawfully designated by statue to accept service of process;

    b. With **Corporation Service Company with Kris Osborne (Clerk for CSC)**, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mailbox of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):
    _____ ordinary mail
    _____ certified mail, return receipt requested
    _____ registered mail, return receipt requested

addressed to the defendant _____ at the defendant's last known address which is _____

I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Execute on: **04/15/2022**

No notary is required per NRS 53.045

Jennifer Nicole Hernandez
Registration# R-2020-09512
KC Investigations, LLC
284 E. Lake Mead Pkwy Ste. C-310
Henderson, NV 89015
License# 2086

Electronically Filed
5/4/2022 1:22 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   **JERRY S. BUSBY**
2  Nevada Bar #001107
   COOPER LEVENSON, P.A.
3  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada 89102
4  (702) 366-1125
   FAX: (702) 366-1857
5  jbusby@cooperlevenson.com
   Attorneys for Defendant
6  SMITH'S FOOD & DRUG CENTERS, INC.

7                              **DISTRICT COURT**

8                         **CLARK COUNTY, NEVADA**

9  QUINTNEY MARTIN, an individual,              CASE NO.: A-22-850753-C
                                                DEPT NO.: XXVIII
10             Plaintiff,

11       vs.

12 SMITH'S FOOD & DRUG CENTERS, INC.           **DEFENDANT SMITH'S FOOD & DRUG**
   d/b/a SMITH'S FOOD AND DRUG, a foreign      **CENTERS, INC.'S ANSWER TO**
13 corporation; DOES I through X; and ROE      **PLAINTIFF'S COMPLAINT**
   ENTITIES I through X,
14
               Defendants.
15

16       COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated

17 as SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, by and through its

18 attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

19 answers Plaintiff's Complaint on file herein as follows:

20                                           **I.**

21       Paragraph 1of Plaintiff's Complaint states a legal conclusion which is the sole province of the

22 Court to determine. This answering Defendant therefore denies said Paragraph.

23                                          **II.**

24       This answering Defendant states that it does not have sufficient knowledge or information

25 upon which to base a belief as to the truth of the allegations contained in Paragraphs 2, 6, 7, 8, 10,

26 11, 14, 15, 16, 19, 20 and 21 of Plaintiff's Complaint and upon said ground, denies each and every

27 allegation contained therein.

28 / / /

CLAC 6924438.1

**III.**

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it is and was a foreign corporation and was licensed to and was conducting business in Clark County, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

In response to Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that it owned, operated, maintained, and managed a store located in Clark County, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**V.**

In response to Paragraph 5 of Plaintiff's Complaint, this answering Defendant admits that it owned and operated a SMITH'S store located at 5564 Camino Al Norte, North Las Vegas, NV 89031. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VI.**

This answering Defendant denies each and every allegation contained in Paragraphs 9, 13, 17 and 22 of Plaintiff's Complaint.

**VII.**

In response to Paragraph 12 of Plaintiff's Complaint, this answering Defendant admits that it owned, managed and controlled the store in question. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VIII.**

This answering Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**IX.**

This answering Defendant, in response to Paragraph 23 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** (Negligence)", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**X.**

Paragraph 24 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**

2

CLAC 6924438.1

**(Negligence)**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

## XI.

This answering Defendant denies each and every allegation contained in Paragraphs 25, 26 and 27 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Negligence)**".

## XII.

This answering Defendant, in response to Paragraph 28 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence / Res Ipsa Loquitur)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XIII.

Paragraphs 29 and 33 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence / Res Ipsa Loquitur)**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

## XIV.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 30 and 31 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence / Res Ipsa Loquitur)**" and upon said ground, denies each and every allegation contained therein.

## XV.

This answering Defendant denies each and every allegation contained in Paragraphs 32, 34, 35 and 36 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence / Res Ipsa Loquitur)**".

## XVI.

This answering Defendant, in response to Paragraph 37 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Product Liability against Smith's and Doe and Roe Defendants)**", incorporates herein by reference each and every answer previously alleged to the

3

Paragraphs which the Plaintiff has realleged by incorporation.

**XVII.**

Paragraph 38 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Product Liability against Smith's and Doe and Roe Defendants)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**XVIII.**

This answering Defendant denies each and every allegation contained in Paragraphs 39, 42, 44 and 45 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Product Liability against Smith's and Doe and Roe Defendants)**".

**XIX.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 40, 41 and 43 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Product Liability against Smith's and Doe and Roe Defendants)**" and upon said ground, denies each and every allegation contained therein.

**XX.**

This answering Defendant, in response to Paragraph 46 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Strict Product Liability)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XXI.**

Paragraphs 47, 48 and 49 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Strict Product Liability)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**XXII.**

This answering Defendant denies each and every allegation contained in Paragraphs 50, 51, 52, 53 and 54 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Strict Product Liability)**".

4

## XXIII.

This answering Defendant, in response to Paragraph 55 of that portion of Plaintiff's Complaint entitled "**FIFTH CAUSE OF ACTION (Negligent Failure to Inspect and Warn)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XXIV.

This answering Defendant denies each and every allegation contained in Paragraphs 56, 57, 58 and 59 of that portion of Plaintiff's Complaint entitled "**FIFTH CAUSE OF ACTION (Negligent Failure to Inspect and Warn)**".

## XXV.

This answering Defendant, in response to Paragraph 60 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION (Breach of Warranty)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XXVI.

Paragraphs 61 and 62 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION (Breach of Warranty)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## XXVII.

This answering Defendant denies each and every allegation contained in Paragraphs 63, 64 and 65 of that portion of Plaintiff's Complaint entitled "**SIXTH CAUSE OF ACTION (Breach of Warranty)**".

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

5

CLAC 6924438.1

1

## SECOND AFFIRMATIVE DEFENSE

2       At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto,

3 Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and

4 injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately

5 caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and

6 therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced

7 in proportion to said negligence of Plaintiff.

8       WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

9 Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

10 further relief as to the Court may deem proper.

11       Dated this 4th day of May, 2022.

12                              COOPER LEVENSON, P.A.

13

14                         By    /s/ Jerry S. Busby
                                 Jerry S. Busby

15                                  Nevada Bar No. 001107
                               3016 West Charleston Boulevard - #195

16                                Las Vegas, Nevada 89102
                               Attorneys for Defendant

17                                SMITH'S FOOD & DRUG CENTERS, INC.

18

19

20

21

22

23

24

25

26

27

28

6

1                                     **CERTIFICATE OF SERVICE**

2       Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that

3 on this 4th day of May, 2022, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD**

4 **& DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each

5 of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-

6 File and Serve System:

7         David A. Tanner, Esq.
         TANNER LAW FIRM
8         7895 West Sunset Road – Suite 115
         Las Vegas, NV 89113
9         Attorneys for Plaintiff

10                       By   /s/ Theresa H. Rutkowski
                               An Employee of
11                                COOPER LEVENSON, P.A.

7

CLAC 6924438.1

**Electronically Filed**
5/16/2022 11:18 AM
Steven D. Grierson
CLERK OF THE COURT

1 | **CHLG**
JERRY S. BUSBY
2 | Nevada Bar #001107
COOPER LEVENSON, P.A.
3 | 3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
4 | (702) 366-1125
FAX: (702) 366-1857
5 | jbusby@cooperlevenson.com
Attorneys for Defendant
6 | SMITH'S FOOD & DRUG CENTERS, INC.

7 | ## DISTRICT COURT

8 | ## CLARK COUNTY, NEVADA

9 | QUINTNEY MARTIN, an individual,

CASE NO.: A-22-850753-C
DEPT NO.: XXVIII

10 | Plaintiff,

11 | vs.

**PEREMPTORY CHALLENGE OF JUDGE**

12 | SMITH'S FOOD & DRUG CENTERS, INC.
d/b/a SMITH'S FOOD AND DRUG, a foreign
13 | corporation; DOES I through X; and ROE
ENTITIES I through X,

14 | Defendants.

15 |

16 | PLEASE TAKE NOTICE that Defendant, SMITH'S FOOD & DRUG CENTERS, INC.,

17 | desires to exercise its right to a peremptory challenge of the Honorable Ronald J. Israel in the above

18 | referenced matter pursuant to Nevada Supreme Court Rule 48.1.

19 | Dated this 16th day of May, 2022.

20 | COOPER LEVENSON, P.A.

21 |

22 | By   /s/ Jerry S. Busby
Jerry S. Busby
23 | Nevada Bar No. 001107
3016 West Charleston Boulevard - #195
24 | Las Vegas, Nevada 89102
Attorneys for Defendant
25 | SMITH'S FOOD & DRUG CENTERS, INC.

26 |

27 |

28 |

CLAC 6942006.1

1

**CERTIFICATE OF SERVICE**

2    Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that

3   on this 16th day of May, 2022, I did cause a true copy of the foregoing **PEREMPTORY**

4   **CHALLENGE OF JUDGE** to be served upon each of the parties listed below via electronic service

5   through the Eighth Judicial District Court's Odyssey E-File and Serve System:

6   David A. Tanner, Esq.
    TANNER LAW FIRM
7   7895 West Sunset Road – Suite 115
    Las Vegas, NV 89113
8   Attorneys for Plaintiff

9
                                    By   /s/ Theresa H. Rutkowski
10                                        An Employee of
                                          COOPER LEVENSON, P.A.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 6942006.1

**Electronically Filed**
**5/16/2022 11:53 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

1

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
* * * *

2

| | |
|---|---|
| QUINTNEY MARTIN, PLAINTIFF(S) | Case No.: A-22-850753-C |
| VS. | DEPARTMENT 4 |
| SMITH'S FOOD & DRUG CENTERS, INC, | |
| DEFENDANT(S) | |

3

4

5

**NOTICE OF DEPARTMENT REASSIGNMENT**

6

NOTICE IS HEREBY GIVEN that the above-entitled action has been randomly

7 reassigned to Judge Nadia Krall.

☒   This reassignment follows the filing of a Peremptory Challenge of Judge Ronald J. Israel.

8

ANY TRIAL DATE AND ASSOCIATED TRIAL HEARINGS STAND BUT MAY BE
9 RESET BY THE NEW DEPARTMENT. PLEASE INCLUDE THE NEW DEPARTMENT
NUMBER ON ALL FUTURE FILINGS.

10

STEVEN D. GRIERSON, CEO/Clerk of the Court

11

By: /s/ Salevao Asifoa
S.L. Asifoa, Deputy Clerk of the Court

12

**CERTIFICATE OF SERVICE**

13

I hereby certify that this 16th day of May, 2022

14   ☒   The foregoing Notice of Department Reassignment was electronically served to all
registered parties for case number A-22-850753-C.

/s/ Salevao Asifoa
15                                            S.L. Asifoa, Deputy Clerk of the Court

16

Electronically Filed
5/18/2022 1:43 PM
Steven D. Grierson
CLERK OF THE COURT

**PET**
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
REZA R. AYAZI, Esq.
Nevada Bar No. 15495
**TANNER LAW FIRM**
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
reza@tannerlawfirm.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| QUINTNEY MARTIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.<br>d/b/a SMITH'S FOOD AND DRUG, a foreign<br>corporation; DOES I through X; and ROE<br>ENTITIES I through X,<br><br>Defendants. | CASE NO.: A-22-850753-C<br><br>DEPT. NO.: IV<br><br>**PETITION FOR EXEMPTION FROM**<br>**ARBITRATION** |

## PETITION FOR EXEMPTION FROM ARBITRATION

Plaintiff, QUINTNEY MARTIN, hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, because this case involves an amount in issue in excess of $50,000.00, exclusive of interest and costs.

A summary of the facts which support the contention for exemption are as follows:

1

On or about March 8, 2021, Mr. Martin was at Smith's located at 5564 Camino Al Norte, North Las Vegas, NV 89031. While walking through the entrance door and entering into Smith's, the doors suddenly closed onto our client, hitting Plaintiff and thus causing injuries to Plaintiff.

Following Plaintiff's March 8, 2021 incident, Mr. Martin went to University Medical Center for dizziness, nausea, neck pain, and headaches. On March 13, 2021, Mr. Martin went to Extremities Surgical Institute for neck pain and headaches. He was recommended for a cervical MRI and referred to a neurologist. On March 18, 2021, Mr. Martin went to Neurology Institute of Nevada for headaches, dizziness, neck pain, and low back pain. On March 27, 2021, Mr. Martin went to Extremities Surgical Institute for a platelet rich plasma injection. On April 9, 2021, Mr. Martin went to Neurology Institute of Nevada and received EMG tests. On April 9, 2021, Mr. Martin went to Spine and Orthopedic Intervention for neck and back pain, and headaches. Mr. Martin was recommended to continue chiropractic treatment and a tens unit. On April 30, 2021, Mr. Martin received a bilateral diagnostic/therapeutic third occipital nerve block injection. On May 7, 2021, Mr. Martin went to Spine and Orthopedic Interventionalists for a follow up. Mr. Martin was recommended for a cervical injection. On May 8, 2021, Mr. Martin went to Extremities Surgical Institute for neck pain. Mr. Martin was recommended for pain management. On May 14, 2021, Mr. Martin went to Surgery Center of Nevada and received a C7-T1 intralaminar epidural injection. On May 21, 2021, Mr. Martin went to Spine and Orthopedic Interventionalists for follow up. Mr. Martin was recommended for a spine surgeon and lumbar injections. On June 4, 2021, Mr. Martin went to Surgery Center of Nevada and received a bilateral L5-S1 diagnostic/therapeutic facet blocks. On June 11, 2021, Mr. Martin went to Spine and Orthopedic Intervention for low back pain and neck pain. Mr. Martin was recommended for a second injection. On June 18, 2021, Mr. Martin went to Surgery Center of Nevada for bilateral L5-S1 diagnostic/therapeutic facet blocks. On September 17, 2021, Mr. Martin went to OrthoCor Medical for low back pain. He was recommended for a 3-month cervical OrthoCor medical device and a 3-month lumbar/thoracic OrthoCor medical device. On September 30, 2021, Mr. Martin went to Injury Rehab Associates for lumbar pain, neck pain, and physical therapy evaluation. Mr. Martin was recommended for physical therapy two-three times a week for 8-12 weeks. On

2

October 23, 2021, Mr. Martin went to Extremities Surgical Institute for cervical pain. He was recommended for another cervical injection. Mr. Martin does not have any medical procedures currently scheduled, but he will follow up with his doctors for any further treatment.

Due to Mr. Martin's significant injuries, to date he has incurred the following medical expenses:

| | | | |
|---|---|---|---|
| | 1. | Extremities Surgical Institute | $49,900.00 |
| | 2. | Injury Rehab Associates | $10,988.50 |
| | 3. | Las Vegas Pharmacy | $393.62 |
| | 4. | Neurology Institute of Nevada | $11,550.00 |
| | 5. | OrthoCor Medical | $38,550.00 |
| | 6. | Quick Care Medical Devices, LLC | $73,990.00 |
| | 7. | Spine and Orthopedic Interventionalists | $24,560.00 |
| | 8. | University Medical Center | $10,517.74 |

**TOTAL:**                                 **$220,449.86**

Mr. Martin will seek compensation for his past and future pain and suffering, loss of household services, and loss of enjoyment of life.

Based upon the foregoing, Plaintiff requests that this matter be exempted from the Arbitration Program.


I hereby certify pursuant to NRCP 11 this case to be within the exemption stated above and am aware of the sanctions which may be imposed against any attorney or party who, without good cause or justification, attempts to remove a case from the Arbitration Program.


Dated this ___ date of May, 2022.

By: _____
      DAVID A. TANNER, Esq.
      Nevada Bar No. 8282
      **TANNER LAW FIRM**
      7895 West Sunset Road, Suite 115
      Las Vegas, NV 89113
      Telephone (702) 987-8888
      *Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

1       I HEREBY CERTIFY that I am an employee of the law firm of TANNER LAW FIRM

2   and that on the ___ | 8 ___ day of May, 2022, I served the above and foregoing **PETITION FOR**

3   **EXEMPTION FROM ARBITRATION** by Electronic Service to the following:

4

5

6   JERRY S. BUSBY
    Nevada Bar #001107
7   **COOPER LEVENSON, P.A.**
    3016 West Charleston Boulevard - #195
8   Las Vegas, Nevada 89102
    (702) 366-1125
9   FAX: (702) 366-1857
    jbusby@cooperlevenson.com
10  *Attorneys for Defendant*
    *SMITH'S FOOD & DRUG CENTERS, INC.*
11

12
                              An Employee with Tanner Law Firm
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28