JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| QUINTNEY MARTIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, a foreign corporation;  DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants. | Case No. 2:22-cv-00833-APG-DJA<br><br><br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES (FOURTH REQUEST)** |
| SMITH'S FOOD & DRUG CENTERS, INC.<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>ASSA ABLOY ENTRANCE SYSTEMS US, INC.; STANLEY ACCESS TECHNOLOGIES, LLC. a Delaware Limited Liability Company; DOES I through X; ROE CORPORATIONS I through XX, inclusive,<br><br>Third-Party Defendants. | |
| ALLEGION ACCESS TECHNOLOGIES LLC f/k/a STANLEY ACCESS TECHNOLOGIES LLC, A Delaware Limited Liability Company,<br><br>Counterclaimant, | |

CLAC 7657185.1

vs.

SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation,

Counterdefendant

ALLEGION ACCESS TECHNOLOGIES LLC f/k/a STANLEY ACCESS TECHNOLOGIES LLC, A Delaware Limited Liability Company,

Crossclaimant,

vs.

ASSA ABLOY ENTRANCE SYSTEMS US, INC.

Crossdefendant

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order must… be supported by a showing of good cause for the extension").

This Court issued a Minute Order on November 7, 2023, staying all discovery in light of the recent, pending motion practice filed by Plaintiff and Defendant Smith's Food & Drug Centers, Inc. The Parties are presently in the process of vacating FRCP 30(b)(6) depositions that have been previously scheduled, and those depositions (four total) will have to be scheduled and re-noticed for a later time. Therefore, the Parties request additional time to complete pre-expert and expert discovery in this matter.

Additionally, while attending the FRCP 30(b)(6) deposition of Defendant Smith's Food & Drug Centers, the Parties' counsel in attendance (Jeffrey Gunn, Esq. for Plaintiff; Pooja Kumar, Esq. for Defendant/Third-Party Plaintiff Smith's Food & Drug Centers, Inc.; Robert Molina, Esq. for Third-Party Defendant Assa Abloy Entrance Systems US, Inc.; Michael Esposito, Esq. for Third-Party Defendant Allegion Access Technologies, LLC, f/k/a Stanley Access Technologies, LLC) were notified abruptly by the Court Reporter that she needed to end the deposition in order to attend a medical appointment.

2

Because of this, the Parties agreed to continue the deposition and conducted a meet-and-confer session on the spot to determine the best time and place for the continued deposition.

Unfortunately, the date of this continued deposition will have to be moved due to the Court's recent stay of discovery, as discussed above. This as yet unknown continued date, as well as the dates of the other depositions currently scheduled during the stay period, raises issues regarding expert disclosure deadlines. Therefore, the instant Stipulation has been entered into and agreed to by all Parties.

**IT IS HEREBY STIPULATED** by and between DAVID A. TANNER, ESQ. and JEFFREY GUNN, ESQ. of TANNER LAW FIRM, as counsel for Plaintiff QUINTNEY MARTIN (hereinafter "Plaintiff"); JERRY BUSBY, ESQ. and POOJA KUMAR, ESQ. of COOPER LEVENSON, P.A., as counsel for Defendant/Third-Party Plaintiff/Counter-Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"); MICHAEL R. ESPOSITO, ESQ. of KRAVITZ, SCHNITZER JOHNSON & WATSON, CHTD., as counsel for Third-Party-Defendant/Counter-Claimant/Cross-Claimant ALLEGION ACCESS TECHNOLOGIES LLC., f/k/a STANLEY ACCESS TECHNOLOGIES, LLC. (hereinafter "ALLEGION"); and ROBERT P. MOLINA, ESQ. of PYATT SILVESTRI, as counsel for Third-Party Defendant/Cross-Defendant ASSA ABLOY ENTRANCE SYSTEMS US, INC. (hereinafter "ASSA ABLOY"), that all discovery deadlines be extended by ninety (90) days, as set forth below, to allow the parties to complete discovery prior to trial.

A. **STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The Parties participated in the Fed. R. Civ. P. 26(f) Conference;
2. All Parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).
3. SMITH'S, ASSA ABLOY, and ALLEGION are still in the process of collecting all of Plaintiff's medical records.
4. SMITH'S, ASSA ABLOY, and ALLEGION served and responded to Interrogatories, Requests for Production, and Requests for Admissions upon Plaintiff.
5. Plaintiff served and responded to Interrogatories, Requests for Production, and Requests for Admissions upon the other Parties.
6. Plaintiff served a Subpoena Decus Tecum to ALLEGION, ASSA ABLOY, and third party Besam.

3

CLAC 7657185.1

7. All Parties participated in a second Fed. R. Civ. P. 26(f) Conference.
8. SMITH'S, ASSA ABLOY, and ALLEGION have taken the deposition of Plaintiff.
9. SMITH'S, ASSA ABLOY, and ALLEGION have taken the deposition of Raquel Edwards.
10. Plaintiff served a Subpoena Duces Tecum to various local ambulance companies.
11. SMITH'S, ASSA ABLOY, and ALLEGION served additional written discovery upon Plaintiff.
12. Plaintiff served additional written discovery upon SMITH'S, ASSA ABLOY, and ALLEGION.
13. Plaintiff noticed the Fed. R. Civ. P. 30(b)(6) depositions of SMITH'S, ASSA ABLOY, and ALLEGION, which are currently being vacated in light of this Court's Minute Order staying all discovery.
14. Plaintiff conducted part of the Rule 30(b)(6) deposition of SMITH'S.
15. The Parties have met and conferred regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

B. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**.

1. SMITH'S, ASSA ABLOY, and ALLEGION continue to collect Plaintiff's medical records.
2. Plaintiff will take the continued deposition of the FRCP 30(b)(6) witness(es) for SMITH'S.
3. Plaintiff will take the deposition of SMITH'S, ASSA ABLOY, and ALLEGION'S disclosed witness(es).
4. Plaintiff will take the deposition of the FRCP 30(b)(6) witnesses for ASSA ABLOY and ALLEGION.
5. The Parties intend to retain and designate initial and rebuttal expert witnesses.
6. The Parties intend to conduct the depositions of all disclosed expert witnesses.
7. The Parties will assess the need for and, if appropriate, propound additional written discovery requests.
8. SMITH'S intends to serve joinders to the FRCP 30(b)(6) depositions of ASSA ABLOY and ALLEGION.

4

9. SMITH'S, ASSA ABLOY, and ALLEGION intend on conducting a FRCP 35 examination of Plaintiff.

10. Plaintiff, ASSA ABLOY, and ALLEGION intend on conducting a site inspection of the subject door with their respective experts.

11. SMITH'S, ASSA ABLOY, and ALLEGION intend on conducting the depositions of Plaintiff's treating providers.

12. The Parties will assess the need for additional discovery and conduct same accordingly.

C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETE WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

Since the last request for extension of discovery deadlines, the Parties have been working diligently together to meet and confer regarding possible discovery disputes; discuss various topics for the FRCP 30(b)(6) depositions; and obtain relevant records. Additionally, the Parties have worked together to schedule all FRCP 30(b)(6) depositions prior to the commencement of the holiday season. Unfortunately, at the deposition of SMITH'S FRCP 30(b)(6) representatives, the retained court reporter informed counsel for all Parties that she did not allot enough time toward the recording of the complete deposition, and she had a prior scheduled appointment that she was not willing to move. As a result, the Parties met and conferred on the record to find a mutually convenient date for all counsel and the remaining representative to provide testimony, taking into account the representative's work schedule, the impending holidays, the schedules of all counsel, and the current depositions scheduled in this matter.

Thereafter, this Court issued a Minute Order on November 7, 2023, stating that all discovery was stayed in light of Plaintiff's and SMITH'S recent motion practice regarding production of information and testimony. *See* ECF No. 48 (staying discovery "until the court issues its ruling on the pending motions"). Therefore, the previously scheduled depositions are currently being vacated, and the Parties will have to work with their witnesses to schedule new dates following the hearing set for December 5, 2023, for the pending motion practice.

The Parties have worked in good faith to avoid disruption of the current Discovery Plan and Scheduling Order as amended by this Court. However, due to the aforementioned issues regarding the

5

CLAC 7657185.1

deposition of SMITH'S remaining FRCP 30(b)(6) representative and the recent stay of all discovery, the Parties respectfully request additional time to complete discovery.

**D.  PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued ninety (90) days from their present deadlines.

**1.  Discovery Cut-Off Date:** The Parties jointly propose that the discovery cut-off date be extended 92 days from its present deadline of February 26, 2024, to **May 28, 2024.**

**2.  Amending the Pleadings and Adding Parties:** The Parties do not wish to extend the deadline to amend the pleadings beyond the current (past) deadline of **September 25, 2023.**

**3.  Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):** The Parties jointly propose that the initial expert disclosure deadline be extended 90 days from its present deadline of December 27, 2023, to **March 26, 2024**; and the rebuttal expert disclosure be extended 90 days from its present deadline of January 26, 2024, to **April 25, 2024.**

**4.  Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 91 days from its present deadline of March 25, 2024, to **June 24, 2024.**

**5.  Pretrial Order:** The date for filing the joint pretrial order, which is currently set for April 23, 2024, be extended 90 days to **July 23, 2024.**  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**6.  Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**7.  Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but

6

CLAC 7657185.1

agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

8. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 7657185.1

**IT IS SO STIPULATED**

DATED this 15th day of November, 2023.

| TANNER LAW FIRM | COOPER LEVENSON, P.A |
|---|---|
| /s/ *David A. Tanner* <br> DAVID A. TANNER, ESQ. <br> Nevada Bar No. 08282 <br> 7895 West Sunset Road – Suite 115 <br> Las Vegas, NV 89113 <br> (702) 987-8888 <br> *Attorneys for Plaintiff* <br> *QUINTNEY MARTIN* | /s/ *Pooja Kumar* <br> JERRY S. BUSBY, ESQ. <br> Nevada Bar No. 001107 <br> POOJA KUMAR, ESQ. <br> Nevada Bar No. 012988 <br> 3016 West Charleston Boulevard - #195 <br> Las Vegas, Nevada 89102 <br> (702) 366-1125 <br> *Attorneys for Defendant/Third-Party Plaintiff* <br> *SMITH'S FOOD & DRUG CENTERS, INC.* |
| KRAVITZ, SCHNITZER, JOHNSON & WATSON, CHTD | PYATT SILVESTRI |
| /s/ *Michael R. Esposito* <br> MICHAEL R. ESPOSITO, ESQ. <br> Nevada Bar No. 13482 <br> 8985 South Eastern Avenue, Suite 200 <br> Las Vegas, Nevada 89123 <br> (702) 366-6666 <br> *Attorneys for Third-Party Defendant/ Counterclaimant* <br> *Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC* | /s/ *Robert P. Molina* <br> ROBERT P. MOLINA, ESQ. <br> Nevada Bar No. 6422 <br> 701 Bridger Avenue, Suite 600 <br> Las Vegas, Nevada 89101 <br> (702) 383-6000 <br> *Attorneys for Third-Party Defendant* <br> *Assa Abloy Entrance Systems US, Inc.* |

**ORDER**

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as stated above.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2023

8

CLAC 7657185.1