```
 1  JERRY S. BUSBY
    Nevada Bar #001107
 2  POOJA KUMAR
    Nevada Bar #012988
 3  COOPER LEVENSON, P.A.
    3016 West Charleston Boulevard - #195
 4  Las Vegas, Nevada 89102
    (702) 366-1125
 5  FAX:  (702) 366-1857
    jbusby@cooperlevenson.com
 6  pkumar@cooperlevenson.com
    Attorneys for Defendant
 7  SMITH'S FOOD & DRUG CENTERS, INC.
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| QUINTNEY MARTIN, an individual, | Case No. 2:22-cv-00833-APG-DJA |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| vs. | **[SIXTH REQUEST]** |
| SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, a foreign corporation;  DOES I through X; and ROE ENTITIES I through X, | |
| Defendants. | |

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order must… be supported by a showing of good cause for the extension").

This Court recently signed the Parties' Stipulation and Order to Extend Discovery Deadlines [Fifth Request].  *See* ECF No. 59 (D. Nev. Jan. 4, 2024).  Since then, Plaintiff and Defendant have been working amicably together to discuss discovery, supplementation thereof, depositions, and even possible mediation.  However, despite these efforts to litigate this case fairly and swiftly, one of Defendant's experts has requested additional time to complete his report in time for disclosure pursuant to Fed. R. Civ. P. 26(a)(2).  As such, the Parties seek a modest 30-day extension of current deadlines in this case in order to allow the Parties to proceed with conducting meaningful discovery to prepare for trial.

**IT IS HEREBY STIPULATED AND AGREED** by and between DAVID TANNER, ESQ. and JEFFREY GUNN, ESQ. of TANNER LAW FIRM, as counsel of record for Plaintiff QUINTNEY

NG-C2N3CBX6 4858-9691-2583.1

MARTIN (hereinafter "Plaintiff"), and JERRY BUSBY, ESQ. and POOJA KUMAR, ESQ., of COOPER LEVENSON, P.A., as counsel of record for Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "Defendant" or "SMITH'S"), that all discovery deadlines be extended by thirty (30) days, as set forth below, to allow the Parties to complete discovery prior to trial.

I. **STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- The Parties participated in the Fed. R. Civ. P. 26(f) Conference;
- The Parties have made initial disclosures and supplements thereto pursuant to Fed. R. Civ. P. 26(a)(1);
- The Parties have begun collecting all of Plaintiff's relevant medical records;
- The Parties have propounded and responded to written discovery requests pursuant to Fed. R. Civ. P. 33, 34, and 36;
- Plaintiff served subpoena *duces teca* upon third parties Allegion Access Technologies, LLC, f/k/a Stanley Access Technologies, LLC; Assa Abloy Entrance Systems US, Inc.; and Besam;
- The Parties participated in a supplemental FRCP 26(f) conference;
- The Parties have conducted the deposition of Plaintiff;
- The Parties have conducted the deposition of witness Raquel Edwards;
- Plaintiff served a subpoena *duces tecum* to various local ambulance companies;
- The Parties have conducted the depositions of SMITH'S two FRCP 30(b)(6) representatives;
- The Parties have conducted the depositions of the FRCP 30(b)(6) representative and an employee of Third Party Assa Abloy Entrance Systems US, Inc.;
- The Parties have supplemented their responses to written discovery requests;
- The Parties have conducted a site inspection of the subject SMITH'S store where the alleged incident occurred; and
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

II. **SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties have yet to complete the following discovery:

- The Parties continue to collect Plaintiff's relevant medical records;
- The Parties intend to retain and designate initial and rebuttal expert witnesses;
- The Parties intend to conduct the depositions of all disclosed expert witnesses;
- The Parties will assess the need for and, if appropriate, propound additional written discovery requests;
- SMITH'S intends on conducting the depositions of Plaintiff's treating providers;
- The Parties intend to serve supplemental responses to written discovery;
- The Parties intend to serve supplements to their FRCP 26(a)(1) and (2) initial and expert disclosures; and
- The Parties will assess the need for additional discovery and conduct same accordingly.

### III.   REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY SCHEDULING ORDER

Since the last request for extension of discovery deadlines, the Parties have been moving forward with discovery and are in the process of retaining experts and obtaining said experts' reports for disclosure. However, SMITH'S retained medical expert has requested additional time to complete his report containing his opinions. The Parties have worked in good faith to avoid disruption to the applicable Discovery Plan and Scheduling Order as amended by this Court. However, due to the aforementioned issue, the Parties respectfully request additional time to complete adequate and vital discovery to prepare for trial. This is the Sixth such request, and the request is for an additional thirty (30) days of discovery.

### IV.   PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued thirty (30) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended thirty (30) days from its present deadline of August 26, 2024, to **September 25, 2024**.

2. **Amending the Pleadings and Adding Parties**: The Parties acknowledge that the deadline to amend pleadings and add parties has passed. As such, the Parties do not request an extension of this date.

3

NG-C2N3CBX6 4858-9691-2583.1

3.     **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended thirty (30) days from its present deadline of June 24, 2024, to **July 24, 2024**; and that the rebuttal expert disclosure deadline be extended thirty (30) days from its present deadline of July 24, 2024, to **August 23, 2024**.

4.     **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the presently applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended thirty (30) days from its present deadline of September 23, 2024, to **October 23, 2024**.

5.     **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for October 21, 2024, be extended thirty (30) days to **November 20, 2024**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on the dispositive motions or until further Order of the Court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in the presently applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

6.     **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7.     **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following the close of discovery or close thereto.

8.     **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

9.     **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the Parties have not

4

agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **<u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

DATED this 11th day of June, 2024.　　　　DATED this 11th day of June, 2024.

**TANNER LAW FIRM**　　　　　　　　　　**COOPER LEVENSON, P.A.**

*/s/ Jeffrey C. Gunn*　　　　　　　　　　　*/s/ Pooja Kumar*
_____　　_____
DAVID A. TANNER, ESQ.　　　　　　　JERRY S. BUSBY, ESQ.
Nevada Bar No. 08282　　　　　　　　　Nevada Bar No. 01107
JEFFREY C. GUNN, ESQ.　　　　　　　POOJA KUMAR, ESQ.
Nevada Bar No. 15925　　　　　　　　　Nevada Bar No. 12988
7895 West Sunset Road, Suite 115　　　　3016 West Charleston Boulevard, Suite 195
Las Vegas, Nevada 89113　　　　　　　Las Vegas, Nevada 89102
(702) 987-8888　　　　　　　　　　　　(702) 366-1125
*Attorneys for Plaintiff*　　　　　　　　　*Attorneys for Defendant*
*Quintney Martin*　　　　　　　　　　　*Smith's Food & Drug Centers, Inc.*

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as stated above.

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: __6/12/2024_____

5

NG-C2N3CBX6 4858-9691-2583.1